IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET CROCKER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-100 |
| v. ) | |
| ) | |
| DANIELS NORELLI SCULLY & ) | |
| CECERE, P.C., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARGARET CROCKER, by her undersigned counsel, alleges, on knowledge as to herself and on information and belief as to all other matters, as follows:

### Introduction

1. This is an action by an individual consumer for actual and statutory damages stemming from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in unfair, deceptive, or abusive practices in collecting consumer debts and from engaging in collection activity on illegal debts.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendants transact business here, the conduct complained of occurred here, and this is the district of residence of the Plaintiff.

## Parties

4. Plaintiff Margaret Crocker is a natural person domiciled in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant DANIELS NORELLI SCULLY & CECERE, P.C. ("The Daniels Firm") is a domestic professional corporation organized and existing under the laws of the State of New York and County of Nassau.

6. The Daniels Firm regularly attempts to collect debts alleged to be due another, and is and has at all times pertinent hereto been a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. The acts of The Daniels Firm alleged hereinafter were performed by its respective employees acting within the scope of their actual or apparent authority.

8. The acts of The Daniels Firm alleged hereinafter were performed on behalf of and at the direction of The Daniels Firm.

9. All references to "The Daniels Firm" herein shall mean DANIELS NORELLI SCULLY & CECERE, P.C or an employee thereof.

## Factual Allegations

10. On July 31, 2005, Colorado Capital Investments obtained a default judgment against the Plaintiff in the amount of $4,938.93 pursuant to an alleged consumer credit transaction.

11. The obligation thereby incurred arose out of a transaction in which money, services, or property, which was the subject of the transaction, was primarily for personal, family, and/or household purposes. As such, it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Upon information and belief, the Plaintiff did not learn of this judgment until March 10, 2006, when she went to withdraw funds from her bank account with Alden State Bank and learned the same had been frozen by Colorado Capital Investments.

13. The Plaintiff then reviewed the judgment and noticed several inaccuracies: (1) the address listed for her on the judgment was incorrect; and (2) the original creditor was "Providian Financial" which is a company the Plaintiff does not have any accounts with.

14. The Plaintiff promptly contacted Colorado Capital Investments to explain the misunderstanding. A representative of Colorado Capital Investments responded that the identity theft issues were not its problem and the Plaintiff needed to pay $1,700.00 immediately or the hold would never be lifted.

15. At this time, the Alden State Bank account was the Plaintiff's only bank account and she was the parent to a very sick child. Therefore, under duress, the Plaintiff reluctantly agreed to pay Colorado Capital Investments $1,700.00 and believed the matter was settled.

16. The hold was promptly lifted from the Plaintiff's Alden State Bank account.

17. The Plaintiff was, therefore, surprised when in February of 2017, she received correspondence from the The Daniels Firm and Key Bank indicating that Colorado Capital Investments, by and through its attorney The Daniels Firm had placed a new hold on the Plaintiff's Key Bank account.

18. In March of 2017, the Plaintiff retained FRIEDMAN & RANZENHOFER, P.C. to collaterally attack the wrongfully obtained default judgment.

19. On or about October 20, 2017, Attorney Steven Brander, Esq., from The Daniels Firm contacted the Plaintiff's attorney and indicated that his office was willing to vacate

the default judgment and stipulate to discontinue the action with prejudice in exchange for the client waiving a claim for restitution for the $1,700.00 she paid to Colorado Capital Investments under duress in 2006.

20. Attorney Brander also indicated that if the Plaintiff accepted the offer on October 20, 2017, his office would immediately remove the hold on the Plaintiff's Key Bank Account.

21. The Plaintiff accepted the aforementioned offer and the matter with Colorado Capital Investments was resolved as detailed above – except the hold was never lifted from the Plaintiff's Key Bank account.

22. On or about October 30, 2017, a stipulation of discontinuance signed by the Plaintiff's attorney and Attorney Brander of The Daniels Firm was entered with the Clerk of the Buffalo City Court. A copy of this document is annexed hereto as **Exhibit "A"**.

23. Moreover, on or about November 1, 2017, an order (J. Pridgen, J.B.C.C.) vacating the default judgment and mandating "…any bank accounts of the [Plaintiff] which have been frozen or restrained as a result of the aforementioned judgment, are hereby unfrozen and/or unrestrained," was entered. A copy of Judge Pridgen's signed November 1, 2017 order is annexed hereto as **Exhibit "B"**.

24. On or about November 13, 2017, the Plaintiff's attorney served the aforementioned order, along with Notice of Entry, on Attorney Brander of The Daniels Firm and specifically noted "I assume you have successfully removed your restraint on Ms. Crocker's Key Bank account. If not, I respectfully ask that you do so immediately." A copy of Plaintiff's attorneys' November 13, 2017 correspondence with attachments is annexed hereto as **Exhibit "C"**.

25. Throughout November and December of 2017, the Plaintiff attempted to access the funds in her Key Bank account but was unable to because of The Daniels Firm's restraint on the account.

26. Upon information and belief, the Plaintiff, without success, contacted representatives at Key Bank on numerous occasions and requested the restraint be lifted pursuant to the Buffalo City Court order.

27. On or about December 8, 2017, the Plaintiff emailed Attorney Brander at The Daniels Firm a formal demand that his office remove the illegal hold on the Plaintiff's Key Bank account.

28. To date, no one from The Daniels Firm has responded to the Plaintiff's request that the restraint on her Key Bank account be removed.

29. To date, the restraint has not been removed from the Plaintiff's Key Bank account.

30. For the last four months, the Plaintiff has endured significant stress, exacerbation of her post traumatic stress disorder, financial harm, and the loss of the ability to invest or otherwise utilize her funds as a result of The Daniels Firm's illegal restrain on her Key Bank account.

31. The aforementioned conduct of The Daniels Firm violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692f(1) and (6)(b) and 1692e(10).

32. Upon information and belief, The Daniels Firm routinely, as a matter of written or unwritten policy and/or practice, makes false settlement proposals to consumers or their attorneys promising to immediately lift restraints on bank accounts if a settlement is

reached when it has no intention of lifting the restraints in violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(10).

33. Upon information and belief, The Daniels Firm routinely, as a matter of written or unwritten policy and/or practice, retains restraints on consumer's bank accounts long after the lawfulness of the restraint has been overturned, vacated, or withdrawn in violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692f(1) and (6)(b).

## COUNT
### (Violation of Fair Debt Collection Practices Act)

34. The Plaintiff repeats and realleges paragraphs 1 through 31 of her Complaint as though fully set forth in this paragraph.

35. The conduct of The Daniels Firm as described in the Complaint violated 15 U.S.C. §§ 1692f(1) and 1692f(6)(b) through repeated impermissible attempted collection of a debt that is not legally owed and through the use of non-judicial dispossession of property (restraint of the Plaintiff's Key Bank account) when neither The Daniel's Firm nor its client has any present right to possess the same. See Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C., 1997 U.S. Dist. LEXIS 4517, *1 (S.D.N.Y.)

36. The conduct of The Daniels Firm as described in the Complaint violated 15 U.S.C. §§ 1692e(10) by making deceptive, false and misleading statements affirmatively representing that if the Plaintiff agreed to withdraw her claim for $1,700.00 in restitution and settle the default judgment matter immediately the restraint on her Key Bank account would be immediately lifted. To date the restraint has not been lifted.

37. The Plaintiff has suffered actual damages as a result of The Daniels Firm's illegal collection efforts and continuing illegal restraint on her Key Bank account, in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, embarrassment, amongst other

negative emotions, exacerbation of pre-existing post-traumatic stress disorder, as well as the loss of the use of the funds in her Key Bank account.

### Jury Demand

38. The Plaintiff demands a trial by jury in this action.

### Prayer for Relief

WHEREFORE, Plaintiff Margaret Crocker respectfully demands that the Court enter judgment against Defendant for:

A. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. An award of costs, disbursements, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Interest on the aforementioned restrained accounts and judgments; and

E. Such other and further relief as this Court may deem just and proper.

Dated: Akron, New York
January 19, 2018

Samuel A. Alba, Esq.
FRIEDMAN & RANZENHOFER, P.C.
Akron, New York 14001
(716) 631-9999
Sam@legalsurvival.com

*Attorneys for Plaintiff Margaret Crocker*